UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE<br><br>JOHNNY RAY MOORE,<br>    Debtor/Appellant,<br><br>v.<br><br>PENNY MAC LOAN SERVICE, LLC aka PENNY MAC HOLDINGS, LLC, et al.<br>    Appellee. | No. 3:17-cv-1996 (AWT) |

## ORDER

Appellant has filed a [5] Emergency Motion for an Injunctive Order in this case, which is assigned to the Honorable Alvin W. Thompson. In Judge Thompson's absence, the emergency motion was referred to the undersigned.

Appellant requests that this Court issue an injunctive order "prohibiting" the Honorable Julie A. Manning, Chief Judge of the United States Bankruptcy Court for the District of Connecticut, from "issuing the following Orders today on January 12, 2018:"

- An order dismissing the Appellant's bankruptcy petition in case number 16-51133; and
- An order granting Appellee Pennymac Holdings LLC relief from an automatic stay previously granted to Appellant;

(ECF No. 5 at 1-2.) Appellant claims that "[t]he issuing of these Orders as a result of a hearing held on January 10, 2018 would severely injur[e] the Appellant from the protection afforded [him] as a result of the Bankruptcy Stay and would also deny the Appellant" his constitutionally protected due process rights and his rights under Rule 9014 of the Federal Rules of Bankruptcy Procedure (providing for "reasonable notice and opportunity for hearing" for "the party against whom relief is sought"). (*Id*. at 2.)

1

The Court construes Appellant's "Emergency Motion for an Injunctive Order" as a request for a preliminary injunction because all adverse parties appear to have notice of its filing. *See* Fed. R. Civ. P. 65(a). A party seeking a preliminary injunction in the Second Circuit must show: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002).

Appellant has not demonstrated that he is likely to succeed on the merits or that there are sufficiently serious questions going to the merits to make them a fair ground for litigation. First, Judge Manning's rulings make clear that Appellant was warned that dismissal of his bankruptcy petition was possible, given his repeated failure to appear at court-ordered hearings. (*See* No. 16-51133, ECF No. 312, ordering Appellant to appear and show cause why the case should not be dismissed as a bad faith filing). Second, as Judge Manning acknowledged in her January 5, 2018 Order (No. 16-51133, ECF No. 334 at 4), a discharge of bankruptcy would have no effect on Appellant's in rem liability—i.e., an order from this Court preventing the Bankruptcy Court from dismissing the Appellant's bankruptcy petition would have no effect on his ability to retain the property at issue. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *see also United States v. Alfano*, 34 F. Supp. 2d 827, 838 (E.D.N.Y. 1999) ("[D]ischarge does not affect liability in rem and prepetition liens remain enforceable after discharge.").

For the same reason, as any decision on Appellant's bankruptcy would not affect his right to retain his property, Appellant has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.

Finally, Appellant also has not demonstrated that this Court has jurisdiction to provide the relief he seeks. Though Judge Manning's January 10, 2018 orders refer to "Order[s] to enter . . . on or before January 12, 2018," those orders have yet to enter. (*See* No. 16-51133, January 10, 2018 minute entry). This Court does not know whether those orders dismissing the bankruptcy petition and granting relief from the automatic stay will be entered or when, and what those orders will say. Federal courts do not have jurisdiction over such unripe controversies. *See Marchi v. Bd. of Coop. Educ. Servs.*, 173 F.3d 469, 478 (2d Cir. 1999) ("For a case to be deemed justiciable under Article III, it must be ripe.").

If and when the Bankruptcy Court does enter final judgment against Appellant, nothing in this order precludes Appellant from appealing that judgment to this Court, as he has done in the past. *See* 28 U.S.C. § 158 (providing for jurisdiction in the district courts for appeals from final judgments of the bankruptcy courts). Moreover, if Appellant is concerned that he will be irreparably harmed in the interim by a judgment once it is entered, he is also not precluded from seeking a stay of such a judgment pending appeal, a process he apparently is familiar with, having sought such a stay in the past.

For these reasons, the [5] Emergency Motion for an Injunctive Order is DENIED WITHOUT PREJUDICE to seeking other appropriate relief at an appropriate time.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
January 12, 2018